UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH BROWN,

                    Plaintiff,                    Case No. 1:21-cv-675

v.                                                Honorable Phillip J. Green

UNKNOWN TRIBBLE, et al.,

                    Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF

No. 4.)  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

Procedure, Plaintiff consented to proceed in all matters in this action under the

jurisdiction of a United States magistrate judge.  (ECF No. 5.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(1996) (PLRA), the Court is required to dismiss any prisoner action brought under

federal law if the complaint is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read

Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or

wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan.  The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  Plaintiff sues Nurse Unknown Tribble and Psychologist Dr. Unknown Schaffer.

Plaintiff's allegations are cryptic.  He states that, on June 20, 2021, he was given the wrong medication at Sunday night "medline."  (Compl., ECF No. 1, PageID.2.)  The next day he "passed out."  (*Id.*)  On June 23, 2021, he "was called off the yard" by Defendant Schaffer.  Plaintiff states that Defendant Tribble gave Plaintiff the "wrong medication."  (*Id.*)  It is not entirely clear what Plaintiff means by "the wrong medication."  Perhaps he means that he is dissatisfied with a doctor-ordered change in his medication, or perhaps he means that Defendant Tribble gave him a medication other than the medication the doctor ordered.  Plaintiff reports that the pain he experienced—presumably from taking the "wrong medication"—was life-threatening.  (*Id.*) Plaintiff also reports that Defendant Schaffer changes medications without even meeting with patients.  Additionally, Plaintiff alleges that "Defendants ha[ve] verbally told [him] on more than one occasion that he will not receive medical treatment[] given facts that Plaintiff was disrespectful and files to[o] many grievances/complaints."  (*Id.*)

2

Plaintiff states his mail has been tampered with and his outgoing mail has not made it to the intended destination.  (*Id.*, PageID.3.)

Plaintiff notes that his claims against Defendants Tribble and Schaffer are related to the claims he raised in *Brown v. LeBarre*, No. 1:20-cv-545 (W.D. Mich.).  (Compl., ECF No. 1, PageID.2–3.)  In that case, Plaintiff sued other healthcare providers from ICF because they gave him a medication that caused him pain: Cymbalta.  Op., *Brown v. LeBarre*, No. 1:20-cv-545 (W.D. Mich.), ECF No. 7.  Plaintiff does not explain the nature of the relationship between that suit and this one; but it seems possible that Plaintiff is now complaining that Defendants Tribble and Schaffer switched him from Cymbalta to something else.  Plaintiff notes that three days after he passed out, he was transferred from ICF, presumably to ECF.

Plaintiff seeks unspecified declaratory relief and hundreds of thousands of dollars in compensatory and punitive damages.

A few weeks after Plaintiff filed his complaint, he filed a document that he styled as a supplemental complaint.  (ECF No. 8.)  In the supplemental complaint, Plaintiff again identifies Nurse Tribble and Dr. Schaffer as defendants.  (*Id.,* PageID.50.)  He makes additional allegations, supported by citation to case law, regarding the failure of a doctor to respond to serious needs, the denial of access to medical care, and the general Eighth Amendment standard.  (*Id.*, PageID.51.)  He notes that he was never taken to the hospital.  (*Id.*)

A party is permitted to amend a pleading once as a matter of course.  Fed. R. Civ. P. 15(a).  The Court will consider Plaintiff's supplemental complaint as Plaintiff's amendment as of right under the rule.

## II.    Additional amendments

Other amendments require leave of court.   Plaintiff has filed another document, which he styled as an "amended complaint."  (ECF No. 18.)  Plaintiff's "amended complaint" purports to be a class action; it is signed by Plaintiff and 11 other prisoners.  (*Id.*, PageID.97.)  The "amended complaint" is not a model of clarity. It appears to challenge the conduct of ECF Prisoner Counselor Unknown Setzer with regard to equality in the START program, access to legal material, access to over-the-counter medication or other store orders, legal callouts, and security screening. Because Plaintiff filed his "amended complaint" without leave of Court, the Court will construe it as a motion for leave to amend his complaint.

Leave should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182.  If a claim would be properly dismissed, amendment to add the claim would be futile.  *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

Plaintiff's new claims would be properly dismissed as misjoined. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure Civil* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43

(1965) (joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation omitted).  When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).   In Plaintiff's initial complaint, as supplemented, his claims against Defendants Tribble and Schaffer are transactionally related in that they relate to Plaintiff's medication as dispensed near the end of June 2021, at ICF.

Plaintiff's claims against Setzer do not arise out of the same transaction or occurrence as Plaintiff's claims against Tribble and Schaffer.  The "amended complaint" alleges entirely different types of unconstitutional conduct by a different defendant, at a different prison, at a different time.  There appears to be no relationship between the allegations in Plaintiff's original pleadings and the new "amended complaint."  Accordingly, the claims in Plaintiff's "amended complaint" are not properly joined to the claims already pending in this action.

Under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ P. 21. But the rule does not allow misjoined claims to proceed together. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate.").

"Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845. Plaintiff's alleged claims against Setzer are, at most, a few months old. There are no statute of limitations consequences to dropping Setzer as a party or dismissing Plaintiff's claims against Setzer.

If the claims against Setzer were added, therefore, they would be properly and immediately dropped as misjoined or severed from this action.  To permit the amendment would be futile.  Accordingly, the Court denies Plaintiff leave to file his "amended complaint."  (ECF No. 18.)  If Plaintiff and his fellow prisoners wish to pursue those claims, they must raise them in a separate action.

## III.    Motion to appoint counsel

Plaintiff has also asked the Court to appoint counsel.  (ECF No. 7.)  Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion.  *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.  Plaintiff's motion will be denied.

## IV.    Motion for summary judgment

Plaintiff also invites the Court to review the evidence and enter judgment in his favor.  (ECF No. 16.)  Plaintiff's motion is premature.  Defendants have not been served and the parties have not had an opportunity to test Plaintiff's allegations through discovery.  Accordingly, Plaintiff's motion will be denied.

## V.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also*

9

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims that Defendants' actions violated his First, Eighth, and Fourteenth Amendment rights. (Compl., ECF No. 1, PageID.2.) Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. (*Id.*, PageID.3–4.)

## A.   First Amendment

### 1.   Outgoing mail

Plaintiff reports that his outgoing mail has been "tampered with" because it has not reached its intended destination. (Compl., ECF No. 1, PageID.3.) "[T]he sender of direct personal correspondence derives from the First and Fourteenth Amendments a protection against unjustified governmental interference with the intended communication." *Procunier v. Martinez*, 416 U.S. 396, 408–09 (1974) *overruled in part by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989) (overruled regarding incoming mail). To protect outgoing mail from unjustified interference, the Supreme Court concluded that prison officials "must show that a

10

regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation," and "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id*. at 413.

It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis

in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").  Plaintiff does not allege that the named Defendants were involved in tampering with his mail.  Indeed, Plaintiff's allegations of tampering with his outgoing mail do not connect the Defendants to the unconstitutional conduct in any way.  His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Accordingly, Plaintiff's First Amendment claims relating to his mail are properly dismissed.

### 2.     Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's retaliation allegations are terse.  He states that Defendants have "told [P]laintiff on more than one occasion that he will not receive medical treatment[] given facts that Plaintiff was disrespectful and files to[o] many grievances/complaints."  (Compl., ECF No. 1, PageID.2.)

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  The right to file grievances is protected only insofar as the grievances are not "frivolous."  *Herron*, 203 F.3d at 415.  "Abusive or manipulative use of a grievance system would not be protected conduct," *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012), and an "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002).  As the Supreme Court held in *Lewis v. Casey*, 518 U.S. 343 (1996), "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."  *Id.* at 353 n.3.

It is impossible to determine from Plaintiff's scant allegations whether the grievances/complaints at issue fall within the bounds of protected conduct.  Moreover, it is entirely possible that Defendants were specifically cautioning Plaintiff about filing frivolous grievances.

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). Certainly, giving Plaintiff the "wrong" medication might be considered an adverse action; but simply changing Plaintiff's medication would not necessarily deter a person of ordinary firmness from protected conduct. Thus, at best, Plaintiff has alleged an adverse action on the part of Defendant Tribble, not Defendant Schaffer.

Finally, Plaintiff must at least allege that the adverse action—dispensing the "wrong medication"—was motivated by the protected conduct. "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted); *Lewis v. Jarvie*, 20 F. App'x

457, 459 (6th Cir. 2001) (concluding that "bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Plaintiff offers nothing more than the conclusory statement that Defendants actions were retaliatory.  Because he does not allege when the "protected conduct" occurred, it is not possible to determine whether the events are even temporally proximate.  There are no facts alleged in the complaint to support an inference that Defendant Tribble's provision of the "wrong medication" to Plaintiff on June 20, 2021, was motivated by Plaintiff's protected conduct.

For all of these reasons, Plaintiff has failed to sufficiently state a First Amendment retaliation claim.

### B.    Eighth Amendment

Plaintiff alleges that Defendant Tribble dispensed the "wrong medication" and that Defendant Schaffer changed Plaintiff's medication.  Those allegations implicate the Eighth Amendment protections regarding the provision of medical care.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th

Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . :  A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

But not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).  Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014).  This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering.  *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Plaintiff's allegations fail to state an Eighth Amendment "deliberate indifference" claim against Defendant Tribble because the allegations do not support the inference that Defendant Tribble was aware of and disregarded a risk to Plaintiff.  Plaintiff does not allege that Defendant Tribble was aware that the "wrong medication" was dispensed.  Plaintiff's allegations might demonstrate professional negligence, but that is not sufficient to establish an Eighth Amendment claim.

18

Plaintiff's allegations fail to state an Eighth Amendment "deliberate indifference" claim against Defendant Schaffer because the allegations do not show anything other than a difference in opinion regarding the appropriate medication to treat Plaintiff's mental health condition.  Plaintiff does not suggest that Defendant Schaffer denied Plaintiff care.  He only claims that she changed his medication.  It is possible that the change was negligent.  It is possible that, in Plaintiff's opinion, the old medication was better.  But neither of those circumstances rises to the level of an Eighth Amendment violation.  Plaintiff has failed to allege facts that support the inference that Defendant Schaffer was deliberately indifferent to Plaintiff's serious medical needs.

Accordingly, Plaintiff has failed to state an Eighth Amendment claim against these Defendants.

### C.    Fourteenth Amendment

Plaintiff mentions the Fourteenth Amendment, but he does not explain how the conduct of Defendants violated the protections of that amendment.  No matter how liberally the Court construes Plaintiff's complaint, there are no facts alleged that show that Defendants violated Plaintiff's procedural due process or equal protection rights.  Perhaps Plaintiff contends that the conduct of Defendants violates Plaintiff's substantive due process rights.

"Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).  "Substantive due process . . . serves the

goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).  "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)) (internal quotation marks omitted).  The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X*\, 175 F.3d at 388; *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing' these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (internal quotation marks omitted) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001).  If such

an amendment exists, the substantive due process claim fails.  *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013) (citing *Albright*, 510 U.S. at 273).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims.  For example, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his medical claims.  *See Graham,* 490 U.S. at 394 *(*citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (concluding that because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal).  Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's mail and retaliation claims.  Thus, the standard applicable to that source, the First Amendment right to be free from retaliation or free of interference with mail communications, and not the more generalized notion of substantive due process should be applied.  *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim.").  Consequently, Plaintiff's substantive due process claim, if any, is properly dismissed.

## **Conclusion**

Plaintiff's motions for the appointment of counsel, to amend his complaint, and for summary judgment will be denied.  Moreover, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   February 7, 2022                          /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge